JOHN L. BOWKER

*v.*

MARY J. ALLETHEA CUNNINGHAM.

[Heard March 27th, 1911.   Decided March 31st, 1911.]

1. Evidence *held* to show that the purchaser induced the vendor to believe that a residence, and not a store building, would be built upon the land.

2. Representations by a contract purchaser of land that he would build a residence on the land, whereas he intended to erect a store building, are material, defeating his right to specific performance of the contract where the vendor's remaining residence property is affected, though a store is needed in that vicinity, and the projected building would cost more than other neighboring buildings.

3. Specific performance will be decreed only when complete justice is done.

4. Misrepresentation of a material matter, though unintentional, precludes specific performance in favor of the person making it.

5. The rule that a statement to amount to a misrepresentation must be a positive affirmation of an existing fact and not a mere opinion, promise, or statement of intention, &c., cannot be invoked against a defence of misrepresentations in a suit for specific performance.

6. Misrepresentation by a contract purchaser of part of a lot of land concerning the use to which he intended to put it, if material and false, and inducing the vendor to contract to convey when he would not otherwise have so contracted, precludes specific performance in favor of the purchaser.

On final hearing on bill, &c., for specific performance.

Complainant seeks to compel defendant to convey to him a certain parcel of land at Ocean City, New Jersey, pursuant to the terms of a written agreement made by the parties. Defendant resists the relief sought by complainant because of certain misrepresentations which she alleges were made to her by complainant prior to the execution of the agreement.

The specific claim of defendant is that complainant induced her to believe that he was to erect on the property in question a

residence building that would be a credit to the neighborhood and benefit to defendant's remaining property, and that her belief in complainant's professed purpose induced her to agree to sell for a less amount than she would have done had she known that complainant's real purpose was to erect a building to be used in part as a store. The asserted importance of this representation lies in the fact that defendant was selling to complainant approximately one-half of two lots which she owned in a residential portion of the city, and on the oceanward end of these lots, which end she was to retain, were two dwellings, one of which she occupied as a residence in the summer seasons; that she was, in consequence, willing to sell the vacant portion of these lots for the price agreed upon if a creditable residence was to be erected by the purchaser on the part sold, but would not have sold at that price had she known that the building which complainant was to erect was for use by him for commercial purposes. Since the agreement of sale was signed complainant has made a contract with a builder for the erection of a building on the property in question, and defendant having ascertained that the proposed building is designed for and is to be in part for use by complainant as a store, she now refuses to execute a deed to complainant.

*Mr. Albert A. Howell,* for the complainant.

*Mr. John Boyd Avis,* for the defendant.

LEAMING, V. C.

There can be little doubt touching the facts. The evidence clearly discloses that at the time the contract was entered into it was complainant's defined purpose to erect upon the land purchased just such a building as he has now arranged to have erected, that is, a building the first story of which is to be a store and the second story of which is to be a residence. Some effort has been made in behalf of complainant to characterize the first story of the proposed building as a basement for use for storage purposes; but the evidence clearly discloses that the first story is to be constructed with special reference to its use

as a store and that it is to be used by complainant for the sale
of bread, butter, eggs, milk and vegetables.  That this was com-
plainant's purpose from the time he first contemplated the
purchase is reasonably free from doubt.  It is also entirely clear
that at the time the contract was made defendant confidently
believed that the building which complainant promised to erect
was to be a residence building and not a combined residence and
store building, and that this belief upon her part arose from
statements made by complainant.  It is entirely possible that
complainant did not intend to deceive or mislead defendant
and did not realize that he had deceived or misled her; but his
letter to her of April 20th, 1910, and his subsequent statements
to her, taken together, clearly justified her in her belief as to
his purpose.  While the letter of April 20th does not specifically
state that the building which complainant was to erect was not
to be a combined store and residence, it clearly justified de-
fendant's understanding that it was not to be such a structure,
but was, on the contrary, to be an attractive residence.  Defend-
ant undoubtedly so understood complainant's representations
and relied upon them and was impelled to act by reason of the
representations so made.  The statements made by complainant
to defendant, after the letter was written, to the effect that the
building would be a credit to the neighborhood and would be a
benefit to defendant were, in view of the letter already in de-
fendant's possession, properly and appropriately understood by
defendant to refer to a residence building.  It may therefore be
said to be entirely certain that complainant induced defendant
to believe that the contemplated building was to be a residence
and not in any sense a store building; whether complainant in-
tentionally did so or not it is unnecessary to determine, for his
statements were such as to reasonably induce and justify that
belief upon the part of defendant.  I incline to the view that
complainant probably did not intend to deceive or mislead de-
fendant and that he probably did not fully realize that his state-
ments were such as to lead defendant to believe that the building
which he promised to erect was not to be a building for use as
a store; but the fact remains that his statements did create that
belief and were such as to naturally and appropriately create

that belief upon the part of defendant. In that belief, and by reason of that belief, defendant agreed to sell the property for less than she would have sold it had she not so understood complainant's representations.

I also entertain the view that there can be no doubt touching the materiality of the representations. The property in question is in a residential district. The more northeasterly part of Asbury avenue is devoted to business purposes, but the evidence disclosed that the district in question is residential. Defendant's houses are in the immediate vicinity. It may be, as some of the testimony indicates, that a store is needed in that vicinity; but there is material substance in the objection of the owner of a residence property in a residence district to the establishment of a store adjacent to his residence. Defendant seriously objects to a store being erected adjacent to her residence and entered into the agreement in question in the full belief, induced by complainant, that he would erect a residence, and not a store, on the property which she agreed to sell to him. Whether the building which complainant proposes to erect will cost more or less than other buildings in the vicinity I think immaterial, and I think it equally immaterial whether the building will enhance values in that neighborhood; for the fact remains that defendant does not desire a store for the sale of vegetables adjacent to her residence, and contracted to sell only in the belief induced by complainant's statements that the adjacent building to be erected by him would be a residence and not a store building.

Under the conditions named complainant is not entitled to the aid of a court of equity in compelling defendant to specifically perform her agreement to sell. It is one of the necessary inherent qualities of a decree for specific performance that it does complete justice. *King* v. *Morford, 1 N. J. Eq. (Saxt.) 274, 282.* In suits of this nature this court will grant its aid or not, according to the justice of the case. *Miller* v. *Chetwood, 2 N. J. Eq. (1 Gr. Ch.) 199, 208.* A decree for specific performance will never be made, unless substantial justice will be advanced thereby. *Ely* v. *Perrine, 2 N. J. Eq. (1 Gr. Ch.) 396, 402.* "This court will not become an instrument of injustice;

and if the case presented is such that it would be unconscientious to grant the complainant the relief he seeks, and repugnant to a just sense of right between man and man, the court will refuse its aid. * * * The defendant may be unable to prove any mistake, fraud, or accident, in reference to its execution; and yet the conduct of the complainant may have induced such a state of things in relation to the subject-matter of the agreement as would make it not only proper, but the plain duty of the court to refuse its aid in enforcing its specific performance." *Stoutenburgh* v. *Tompkins, 9 N. J. Eq. (1 Stock.) 332, 335, 336.* "The remedy by specific performance is discretionary. The question in such cases is not what must the court do, but what, in view of all the circumstances of the case in judgment, should it do to further justice." *Johnson* v. *Somerville, 33 N. J. Eq. (6 Stew.) 152, 153.* The foregoing citations, as well as those hereinafter to be made, measurably disclose the extent to which principles of ethics may appropriately be considered in suits of this nature. An unintentional misrepresentation of a material matter will be operative as a bar to a decree for specific performance. *Wuesthoff* v. *Seymour, 22 N. J. Eq. (7 C. E. Gr.) 66, 69.* The material inquiry is not whether a complainant intended to mislead defendant, but is, did he mislead him? Prof. Pomeroy says:

"In maintaining the defence to a suit for specific performance, the knowledge, belief, or intent of the party making the representations is wholly immaterial, and the question is not raised. The point upon which the defence turns is the *fact* of the other party having been misled by a representation calculated to mislead him, and not the existence of a design to thus mislead." *Pom. Spec. Perf.* § 217.

In *Baskcomb* v. *Beckwith, L. R. 8 Eq. Cas. 100,* a map was exhibited to the purchaser which was not misleading if examined carefully and which was not intended to mislead, but which was liable to mislead if not carefully examined, and which map did in fact mislead the purchaser; specific performance was accordingly denied.

It is urged in behalf of complainant that a statement, to amount to a misrepresentation, must be the positive affirmation of an existing fact, and not the mere expression of an opinion,

or a promise or statement of intention or expectation, or other statement as to the future. That is undoubtedly the rule as applied to certain forms of relief; but the application of that doctrine to the defence of a suit for specific performance would be clearly destructive of the very equitable principles already referred to, for these principles impel a court of equity to deny this extraordinary form of relief to a suitor whose position as a contracting party has been attained only by reason of a misunderstanding on the part of his adversary which has been created or induced by his misconduct. The rule in this class of cases enters the domain of ethics, and when so considered must necessarily be applied alike to all material misrepresentations of a complainant which have been operative to deceive a defendant and which have in that manner induced such defendant to enter into the contract. The decree denying relief does not operate upon the contract or determine it fraudulent or void; it is merely a determination that under the circumstances of the case it is not in furtherance of substantial justice to extend the extraordinary powers of the court to complainant's aid. In this view it seems to me that a representation touching the use which a purchaser of a part of a lot of land is to make of the part purchased, if material and false and operative to induce the seller to contract to sell when he would not otherwise have so contracted, must deny to such purchaser the equitable relief to be found in a decree for specific performance. Upon that principle the case of *Brown* v. *Pitcairn, 148 Pa. St. 387,* was decided. In that case the purchaser of a lot of land, by causing sketches to be made showing how dwelling-houses could be best located on the lot, induced the seller to believe that he was to erect dwellings on the lot, whereas his real purpose was to erect on the lot a blacksmith shop; specific performance was denied by reason of the misrepresentation.

I will advise a decree dismissing the bill.  ·